```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
              Civil No. 12-3088(DSD/JSM)
```

George Dalton, Gary Patterson
and Donald Alexander,

       Plaintiffs,

v.                                                    **ORDER**

William A. Hawkins; Gary Ellis;
Kathleen Erickson DiGiorno;
Richard H. Anderson; Stephen N.
Oesterle; Shirley Ann Jackson;
Robert C. Pozen; Susan Alpert;
Denise M. O'Leary; and Jack W.
Schuler,

       Defendants.

    George Dalton, 3120 Club House Road, Mobile, AL 36605, Gary Patterson, 1942 N.E. Sixth Court, Apartment B104, Fort Lauderdale, FL 33304 and Donald Alexander, 31057 Oak Ridge Drive, Rock Mount, MO 65072, pro se.

    Daniel L. Ring, Esq., Mayer Brown LLP, 71 South Wacker Drive, Chicago, IL 60606, George W. Soule, Esq., Melissa R. Stull, Esq. and Bowman & Brooke LLP, 150 South Fifth Street, Suite 3000, Minneapolis, MN 55402, counsel for defendants.

    This matter is before the court upon the motion to dismiss by defendants.[1] In support of their motion, defendants argue that the plaintiffs' claims are barred by a settlement agreement executed between the parties in a different judicial proceeding.

---

[1] The defendants - William A. Hawkins, Garry Ellis, Kathleen Erickson DiGiorno, Richard H. Anderson, Shirley Ann Jackson, Robert C. Pozen, Susan Alpert, Denise M. O'Leary, Jack Schuler and Stephen N. Oesterle - were members of Medtronic's executive management team between 2004 and 2011 and its corporate board of directors. Am. Compl. ¶ 2.

On a motion to dismiss, the court does not consider matters outside the pleadings. See Fed. R. Civ. P. 12(d). The court may, however, consider materials "that are part of the public record," Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999), and matters "necessarily embraced by the pleadings and exhibits attached to the complaint." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 n.4 (8th Cir. 2003). In the present action, defendants submit a confidential settlement agreement entered into between each plaintiff and Medtronic. See Stull Aff. Exs. 4-6. A confidential settlement agreement, however, is not a matter of public record. See Oren v. Verizon Commc'ns, 224 F.R.D. 527, 529 (D. Me. 2004) (explaining that confidential settlement and release agreement is not a matter of public record). Moreover, the settlement agreement is not attached to or "necessarily embrace[d]" by the amended complaint. See Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 n.4 (8th Cir. 2003). As a result, the settlement agreement is not properly before the court.

If, however, on a motion to dismiss, a party submits materials outside the motion, the court may convert the motion to a motion for summary judgment. Country Club Estates, L.L.C. v. Town of Loma Linda, 213 F.3d 1001, 1005 (8th Cir. 2000); see Fed. R. Civ. P. 12(d). Therefore, the court determines that conversion of the present motion to a motion for summary judgment is appropriate.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The parties are notified that the court will convert the instant motion to a motion for summary judgment; and

2. The parties may submit additional material that is pertinent to the motion for summary judgment until 5:00 p.m. on May 7, 2013.

Dated:  April 23, 2013

s/David S. Doty
David S. Doty, Judge
United States District Court
