UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-3088(DSD/JSM)

George Dalton, Gary Patterson,
Donald Alexander,

       Plaintiffs,

v.                                                                    **ORDER**

William A. Hawkins; Gary Ellis;
Kathleen Erickson DiGiorno;
Richard H. Anderson; Stephen N.
Oesterle; Shirley Ann Jackson;
Robert C. Pozen; Susan Alpert;
Denise M. O'Leary; and Jack W.
Schuler,

       Defendants.

> George Dalton, 3120 Club House Road, Mobile, AL 36605; Gary Patterson, 1942 N.E. Sixth Court, Apartment B104, Fort Lauderdale, FL 33304; Donald Alexander, 31057 Oak Ridge Drive, Rocky Mount, MO 65072, pro se.
>
> George W. Soule, Esq., Melissa R. Stull, Esq. and Bowman & Brooke LLP, 150 South Fifth Street, Suite 3000, Minneapolis, MN 55402 and Daniel L. Ring, Esq. and Mayer Brown LLP, 71 South Wacker Drive, Chicago, IL 60606 counsel for defendants.

This matter is before the court upon (1) the request for permission to file a motion for reconsideration, (2) the motion for reconsideration, (3) the motion to seal pleadings and (4) the motion to stay by pro se plaintiffs George Dalton, Gary Patterson and Donald Alexander. Based on a review of the file, record and proceedings herein, and for the following reasons, the request and motions are denied.

On May 8, 2013, the court granted defendants' motion for summary judgment.[1] See ECF No. 54. Specifically, the court determined that plaintiffs' claims were barred by a settlement agreement previously entered into between plaintiffs and Medtronic. Thereafter, plaintiffs filed a request for permission to file a motion for reconsideration, arguing that the court improperly interpreted the scope of the relevant settlement agreements. See ECF No. 56, at 2-3. A motion to reconsider, however, cannot be used to relitigate old issues, and is a procedure to "afford an opportunity for relief in extraordinary circumstances." Dale & Selby Superette & Deli v. U.S. Dep't of Agric., 838 F. Supp. 1346, 1348 (D. Minn. 1993). Plaintiffs raise no new arguments in their request for permission to file a motion for reconsideration. As a result, the request is denied.

Because the court denied the request for permission to file a motion for reconsideration, the motion for reconsideration is not properly before the court. See D. Minn. LR 7.1(j) (noting that the "court's prior permission" is required before a motion to reconsider may be filed). As a result, the motion for reconsideration is denied.

---

[1] Defendants initially filed a motion to dismiss. See ECF No. 11. The court determined that defendants submitted materials that were neither part of the public record nor embraced by the pleadings and converted the motion to a motion for summary judgment. See ECF No. 44.

Plaintiffs next move to file all letters and memoranda pertaining to plaintiffs' motion for reconsideration under seal. Plaintiffs' materials, however, does not cite or quote "a material term of the [confidential] Settlement Agreement." See Defs.' Mot. Seal ¶ 5, ECF No. 6.  As a result, the court need not seal plaintiffs' letters and memoranda, and plaintiffs' motion to seal is denied.

Finally, plaintiffs move to stay proceedings.  The court, however, denied all of plaintiffs' other motions.  As a result, no matter is currently pending before the court, and thus there are no proceedings to stay.  Therefore, the motion to stay is denied.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   Plaintiffs' request to file a motion for reconsideration [ECF No. 56] is denied;

2.   Plaintiffs' motion for reconsideration [ECF No. 57] is denied;

3.   Plaintiffs' motion to seal pleadings [ECF No. 58] is denied; and

4.   Plaintiffs' motion to stay [ECF No. 59] is denied.

Dated:  May 22, 2013

> s/David S. Doty
> David S. Doty, Judge
> United States District Court